UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Chambers of
**Michael A. Hammer**
United States Magistrate Judge

Martin Luther King Jr. Federal
Bldg. & U.S. Courthouse
50 Walnut Street, Room 2042
Newark, NJ 07102
(973) 776-7858

November 30, 2021

To: Patrick Lumumba Okeyo
1971 John F. Kennedy Blvd
Jersey City, NJ 07305

Counsel of record

**LETTER OPINION AND ORDER**

RE:  **Okeyo v. USCIS, et al.**
     **Civil Action No. 21-17431 (SDW)(MAH)**

Dear Litigants:

Presently before the Court is Plaintiff's motion for the appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1) [D.E. 13]. For the reasons set forth below, Plaintiff's motion is denied.

**Background**

In this civil rights action, Plaintiff names as Defendants: the USCIS, Newark Office; City Hall Jersey City; Hudson County Clerk's Office, Pryslak Transportation; North Star Services; New Jersey Unemployment Agency; New Marantha Karibu SDA Church; New Brunswick English SDA Church; Farmers Insurance; Angelic Baptist Church; Frank A. Viteritto, an attorney; Jersey City Police Department; Harrison Police Department; Linden Police Department; and Lyft Rideshare Service. Compl., Sept. 22, 2021, D.E. 1, 1-5. Plaintiff claims, inter alia, that since about 1996 Defendants have harassed him repeatedly and have conspired against him to manufacture crimes they claim he has committed. Id. at 3-6. Plaintiff seeks damages and injunctive relief. Id. at 7.

On October 12, 2021, Plaintiff filed a motion for the appointment of counsel that the Court denied on October 18, 2021, because Plaintiff failed to include a brief explaining how he qualified for the appointment of pro bono counsel. Motion to Appoint Pro Bono Counsel, Oct. 12, 2021, D.E. 4; Order, Oct. 18, 2021, D.E. 9. Plaintiff filed the instant motion to appoint pro bono counsel on November 1, 2021. Motion to Appoint Pro Bono, Nov. 1, 2021, D.E. 13. In the motion,

Plaintiff argues that the appointment of pro bono counsel is warranted because he not familiar with court rules or the laws of the United States, and this case requires expertise.  Id. at 1.

## Discussion

In civil cases, neither the Constitution nor any statute gives civil litigants the right to appointed counsel.  Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).  District courts, however, have broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e).  Montgomery v. Pinchack, 294 F.3d 492, 498 (3d Cir. 2002) (citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)).  Appointment of counsel may be made at any point in the litigation, including *sua sponte* by the Court.  Montgomery, 294 F.3d at 498 (citing Tabron, 6 F.3d at 156).

In the Third Circuit, a court considers the framework established in Tabron.  Montgomery, 294 F.3d at 498-99.  Under the Tabron framework, the Court must first assess "whether the claimant's case has some arguable merit in fact and law."  Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155).  If the applicant's claim has some merit, the Court considers the following factors:

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses;
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457-58 (citing Tabron, 6 F.3d at 155-56, 157 n.5).  This list is not exhaustive but provides guideposts for the Court.  Montgomery, 294 F.3d at 499 (citing Parham, 126 F.3d at 457).  A court's decision to appoint counsel "must be made on a case-by-case basis."  Tabron, 6 F.3d at 157-58.  The Court of Appeals for the Third Circuit has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases."  Montgomery, 294 294 F.3d at 499 (Parham, 126 F.3d at 458).

Here, with respect to the first Tabron prong, the Court assumes that Plaintiff's claim has merit for the purposes of this motion.  Nevertheless, consideration of the Tabron factors does not demonstrate that appointment of counsel is warranted at this time.

First, Plaintiff appears to be able to present his case.  When considering ability to present a case, courts generally consider a Plaintiff's "education, literacy, prior work experience, and prior litigation experience."  Tabron, 6 F.3d at 156.  Based upon the present record, Plaintiff has demonstrated a basic understanding of the legal foundation for his allegations. For example, Plaintiff has described in detail how the Defendants have violated his constitutional rights.  Furthermore, Plaintiff exhibits sufficient awareness of the issues to present his case. For example, he has filed this subsequent motion for pro bono counsel in an attempt to further

2

explain why he is entitled to the appointment of pro bono counsel after this Court determined that his prior motion was deficient. Here, Plaintiff's ability to effectively represent himself weighs against the appointment of counsel.

Second, Plaintiff's claims do not involve complex legal issues. Complexity supports appointment "where the law is not clear, [as] it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." Tabron, 6 F.3d at 156 (quoting Macklin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981)); accord Montgomery, 294 F.3d at 502. Courts also consider "the proof going towards the ultimate issue and the discovery issues involved." Parham, 126 F.3d at 459; see also Montgomery, 294 F.3d at 502-03 (finding appointment appropriate when, despite simple legal issues, discovery and presentation difficulties compromised Plaintiff's case). Here, appointment of counsel is not warranted because the factual and legal issues involved in the case are not complicated. Plaintiff provides no explanation in his pro bono motion as to why his claims contain complex legal issues. Accordingly, the second Tabron factor weighs against the Plaintiff because it does not appear that his claims present complex legal issues.

Third, there is no indication that Plaintiff lacks the ability to conduct a factual investigation without the assistance of counsel. Nothing suggests that discovery in this case would be complicated or unduly burdensome. The claims appear to involve a relatively discreet set of facts, many of which Plaintiff presumably has personal knowledge, or at a minimum, is equipped to investigate. If this case proceeds, Plaintiff will have access to the discovery tools in the Federal Rules of Civil Procedure to investigate his claims as well as any defenses or counterclaims. See Fed. R. Civ. P. 26. In order to pursue his claims, it does not appear that discovery requests would impose any unreasonable burden on Plaintiff. Plaintiff would be able to request documentation and depositions from Defendants without a great cost to himself. Thus, the third Tabron factor weighs against the appointment of counsel.

Fourth, it is premature for the Court to conclude that this case will turn on credibility determinations. Because "it is difficult to imagine" a case where credibility is not important, the United States Court of Appeals for the Third Circuit has specified that "when considering this factor, courts should determine whether the case [is] solely a swearing contest." Parham, 126 F.3d at 460. At this early stage of the litigation, the extent to which this case will rest on credibility determinations is not yet apparent. Accordingly, this factor militates neither in favor of nor against appointing counsel.

Fifth, there is no indication that any expert testimony will be required at trial. Plaintiff's allegations of Defendants' violations of his constitutional rights would be understandable to a lay person without the need for expert assistance. See, e.g., Montgomery, 294 F.3d at 504 (holding "expert testimony is necessary when the seriousness of the injury or illness would not be apparent to a lay person."). Thus, the fifth Tabron factor does not favor appointment.

Sixth, Plaintiff's inability to afford counsel alone is an insufficient reason to appoint counsel. Here, Plaintiff has not moved for in forma pauperis status, instead he paid the filing fee when he filed his Complaint. D.E. 1. Curiously, Plaintiff attaches to his initial filing a blank form in forma pauperis application that neither includes the caption of the case nor is signed by

Plaintiff. Nonetheless, indigency alone does not warrant the appointment of counsel absent satisfying the other Tabron factors. Finally, Plaintiff has not stated an inability to retain counsel on his own. The failure to provide any evidence of his efforts to obtain counsel weighs against appointment of counsel at this time.

This record does not meet most of the Tabron factors, and, therefore, the Court finds that appointment of pro bono counsel is inappropriate at this time. Cf. Parham, 126 F.3d at 461 (finding appointment appropriate where most factors are met). For all the reasons set forth above, the Court denies Plaintiff's motion for the appointment of pro bono counsel without prejudice.

### Conclusion

A balancing of the factors set forth above does not weigh in favor of granting Plaintiff's request for counsel at this time. Therefore, Plaintiff's motion for the appointment of pro bono counsel [D.E. 13] is denied without prejudice.

So Ordered,

*/s Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**