**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

April 13, 2022

Patrick Lumumba Okeyo
1971 John F. Kennedy Blvd., 1st Floor
Jersey City, NJ 07305
*Pro Se Plaintiff*

USCIS, Newark Office
*Defendant*

City Hall Jersey City
*Defendant*

Michael L. Dermody, Esq.
Office of Hudson County Counsel
Administrative Building Annex
567 Pavonia Ave.
Jersey City, NJ 07306
*Attorney for Defendant Hudson County Clerk's Office*

Pryslak Transportation
*Defendant*

North Star Services
*Defendant*

New Jersey Unemployment Agency—Labor Department
*Defendant*

New Maranatha Kariubu SDA Church
*Defendant*

Richard Granofsky, Esq.
Lester, Schwab, Katz & Dwyer
24 Lackawanna Plaza
P.O. Box 745
Millburn, NJ 07041
*Attorney for New Brunswick English SDA Church*

Brian M. Searls, Esq.
Hema Patel Mehta, Esq.
Chartwell Law
130 N. 18th St.
26th Floor
Philadelphia, PA 19103
*Attorneys for Farmers Insurance*

Evans Chukwudi Anyanwu, Esq.
Anyanwu & Associates, LLC
17 Academy St.
Newark, NJ 07102
*Attorney for Angelic Baptist Church*

Frank A. Viteritto, Esq.
*Defendant*

Jersey City Police Department
*Defendant*

Victoria A. Lucido, Esq.
Aloia Law Firm
2 Broad St.
Suite 407
Bloomfield, NJ 07003
*Attorney for Linden Police Department*

Matthew Nathan Klebanoff, Esq.
Hangley, Aronchick, Segal, Pudlin & Schiller
One Logan Sq.
27th Floor
Philadelphia, PA 19103
*Attorney for Lyft Rideshare Service*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re: *Okeyo v. USCIS, et al.*,
     **Civil Action No. 21-17431 (SDW) (MAH)**

Litigants:

Before this Court are Defendants Hudson County Clerk's Office, Lyft Rideshare Service, New Brunswick English SDA Church, Linden Police Department, Angelic Baptist Church, Harrison Police Department, and Farmers Insurance (collectively, "Defendants") Motions to Dismiss *pro se* Plaintiff Patrick Lumumba Okeyo's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). This opinion is issued without oral argument pursuant

to Rule 78.  For the reasons discussed below, Defendants' motions are **GRANTED**; further, Plaintiff's Complaint, as it relates to all remaining defendants, is *sua sponte* **DISMISSED** for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

I. <u>**FACTUAL AND PROCEDURAL BACKGROUND**</u>

On September 22, 2021, Plaintiff filed a Complaint in which he names over a dozen defendants, including federal agencies, municipal entities, private businesses, religious organizations, and individuals and appears to allege that between 1996 and 2021 he was conspired against, defamed, harassed, surveilled, and denied work authorization and unemployment benefits, among other allegations.  (*See generally* D.E. 1).  Specifically, Plaintiff alleges that "politicians using immigration staff" conspired "to delay or divert [his United States Citizenship and Immigration Services ("USCIS")] schedule elsewhere to delay, drain [his] finances"; unnamed persons and law enforcement "circulat[ed] [his] name to civilians without court order"; USCIS "added a fake alien number [that] had a criminal record"; unnamed persons put him under surveillance for unknown purposes; police followed him; a pastor preached controversial information; courts conspired against him in regard to a motor vehicle accident; the New Jersey Department of Labor erroneously assigned his unemployed status; and an unnamed pastor saw that he was treated badly and "told the church not to be excessive since they don't have insurance to pay or compensate enough."  (D.E. 1 at 5–6.)  Plaintiff peppers additional incomprehensible allegations throughout the Complaint.  (D.E. 1 at 3–7.)

As a result of these alleged slights, Plaintiff claims to have suffered injuries including depression, fear for his life, and frozen financial accounts.  (D.E. 1 at 7.)  Plaintiff seeks various remedies for his alleged grievances and injuries, including clear his name "of manufactured crimes"; "remove fake alien number"; compensate him for depression; recover a "settlement used to build or buy properties . . . or any hidden or stolen or looted from [him]"; stop the church from "mudslinging" his name; "sanction those who harassed [him]"; $450,000,000.00; and "[r]emove or clear any blockade in [his] life, [his] settlement or file.  Make all names or signatures that requested blockade of [his] life[,] if any[,] public."  (*Id.*)

The allegations in Plaintiff's complaint largely mirror allegations he made in a prior matter in which he filed suit against many of the same Defendants.  (*See Patrick L. Okeyo v. U.S. Immigration, et al.*, Civil Action No. 21-3321 (Apr. 14, 2021).)  In the prior matter, after Plaintiff filed a complaint that failed to state a plausible claim for relief, (*see id.* at D.E. 1), this Court dismissed the claim *sua sponte* but allowed him to amend the complaint, (*see id.* at D.E. 5). Plaintiff submitted an amended complaint that also failed to state a plausible claim, (*see id.* at D.E. 6), thus this Court dismissed his amended complaint *sua sponte*, in accordance with Rule 12(b)(6), (*see id.* at D.E. 8).  This Court, noting that amendment would be futile, requested that the Clerk's Office close the matter.  (*See id.*)

In response to the Complaint at issue in the present matter, Defendants Hudson County Clerk's Office, Lyft Rideshare Services, New Brunswick English SDA Church, Linden Police Department, Angelic Baptist Church, and Farmers Insurance each filed a Motion to Dismiss per

Rule 12(b)(6).[1] (*See generally* D.E. 11, 19, 31, 32, 37, 65.) Plaintiff filed multiple documents and letters to the Court, some that appear to oppose the Motions, others that address various nonsensical and incomprehensible grievances. (*See generally* D.E. 28, 34, 39, 42, 45, 47, 54, 55, 63, 64, 66, 67, 68, 69.)

## II.  LEGAL STANDARD

On a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard). *Pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "state a plausible claim for relief," *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x. 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); *see also Martin v. U.S. Dep't of Homeland Sec.*, No. 17-3129, 2017 WL 3783702, at *3 (D.N.J. Aug. 30, 2017). While *pro se* pleadings are to be liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim . . . [and] they cannot flout procedural rules—they must abide by the same rules that apply to other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *McNeil v. United States*, 508 U. S. 106, 113 (1993); *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)).

## III.  DISCUSSION

Plaintiff's Complaint does not set forth a cogent, coherent, or comprehensible cause of action or causes of action for which this Court may offer a remedy or remedies. Even when taking Plaintiff's allegations as true and viewing the Complaint in a light favorable to Plaintiff, in accordance with Rule 12(b)(6), the allegations are conclusory at best—but more often unintelligible—and do not serve as support for any cognizable cause of action. The factual narrative of the Complaint does not set forth legal bases for any of Plaintiff's claims and does not consistently and clearly identify which defendant engaged in what allegedly wrongful conduct. Moreover, even when the Complaint does allege certain conduct in relation to a particular defendant, the conduct alleged involves personal slights and grievances, but does not present conduct for which this Court may offer redress. Furthermore, most of the allegations were already put forth in Plaintiff's prior matter in which this Court dismissed the allegations and closed the matter. (*See Patrick L. Okeyo v. U.S. Immigration, et al.*, Civil Action No. 21-3321 (Apr. 14, 2021).) In addition, as this Court noted in the prior matter, it appears many of Plaintiff's claims would be barred by applicable statutes of limitation. *See, e.g.*, N.J.S.A. 2A:14-2(a) (providing that

---

[1] Defendant Harrison Police Department ("Harrison P.D.") also filed a Motion to Dismiss, (*see generally* D.E. 51), but the motion was withdrawn when Defendant and Harrison P.D. stipulated to dismissal with prejudice on January 13, 2022, (*see generally* D.E. 56).

assault claims are subject to a two-year statute of limitation); N.J.S.A. 2A:14-3 (establishing a one-year statute of limitation for defamation claims).

## IV.	CONCLUSION

For the reasons set forth above, Defendants' motions are **GRANTED**, and Plaintiff's Complaint as it pertains to all defendants is *sua sponte* **DISMISSED WITH PREJUDICE**. An appropriate order follows.

          /s/ Susan D. Wigenton
         **SUSAN D. WIGENTON, U.S.D.J.**

Orig:	Clerk
cc:	Parties
	Michael A. Hammer, U.S.M.J.